UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW WILLIAM PORCH,

    Petitioner,

v.

    Case No. 06-11329

    Honorable Patrick J. Duggan

BLAINE LAFLER,

    Defendants.

_____/

# ORDER GRANTING IN PART AND DENYING IN PART
# A CERTIFICATE OF APPEALABILITY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on August 8, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On June 18, 2008, this Court entered a judgment dismissing Petitioner Andrew William Porch's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before this Court is Petitioner's Notice of Appeal dated July 1, 2008, which the Court construes as a request for certificate of appealability.

A certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the Supreme Court has stated:

> [T]he petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists

of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4 (1983)(quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980))(emphasis added and internal citation and quotation marks omitted). More recently, the Supreme Court has stated that when a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

In his application for a writ of habeas corpus, Petitioner asserted the following claims:

> I. The trial court committed reversible error by denying his request for a *Ginther* hearing to develop a record for review on his claim that he was denied the effective assistance of counsel in violation of his Sixth Amendment rights when trial counsel: failed to attempt to sever his trial from that of a co-defendant; failed to investigate potentially exculpatory witnesses; failed to call exculpatory witnesses at trial; failed to properly impeach a key prosecution witness; failed to make appropriate pre-trial discovery requests; failed to move to suppress in-court identifications; failed to object to prosecutorial misconduct; failed to object to the presentation of extraneous information to the jury during deliberations; failed to investigate the possibility of a plea; and failed to request applicable jury instructions and object to inapplicable jury instructions.
>
> II. The trial court committed reversible error by failing to grant his motion for directed verdict where there was insufficient evidence to support a conviction of first-

>             degree murder as either a principal or an aider and
>             abettor.
>
> III.    The trial court committed reversible error where it
>         denied his motion for a new trial on the ground that the
>         verdict was against the great weight of the evidence.
>
> IV.     The cumulative effect of the errors in his case was so
>         prejudicial that it denied him a fair trial.

This Court dismissed Petitioner's application for a writ of habeas corpus on the merits. For the reasons set forth in this Court's June 18, 2008 Opinion and Order, the Court continues to believe that Petitioner is not entitled to habeas relief on his claims that trial counsel was ineffective for failing (1) to produce prosecution witness Deni Belcher who testified at Petitioner's first trial and (2) seek suppression of Pamela Foxworth's and George Hughs' in-court identification of Petitioner because neither witness was able to identify Petitioner at a pre-trial lineup. Nevertheless, the Court believes that these issues may be "debatable among jurists of reason." *Barefoot*, 463 U.S. at 893 n.4, 103 S. Ct. at 3394 n.4. Consequently, the Court does not believe that Petitioner should be denied the opportunity to seek appellate review of these issues. The Court, however, does not find the remaining issues raised in the petition debatable among jurists of reason.

Accordingly, the Court holds that Petitioner is entitled to a certificate of appealability with respect to the following issues, only:

> I.     Whether Petitioner's trial counsel was ineffective for
>        failing to: (1) produce prosecution witness Deni
>        Belcher who testified at Petitioner's first trial and (2)
>        seek suppression of Pamela Foxworth's and George
>        Hughs' in-court identification of Petitioner because
>        neither witness was able to identify Petitioner at a pre-
>        trial lineup.

**SO ORDERED**.

                                                              s/PATRICK J. DUGGAN
                                                              UNITED STATES DISTRICT JUDGE

Copies to:
Andrew William Porch
#351842
141 First St.
Coldwater, MI 49036

Debra M. Gagliardi, A.A.G.